UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 10-13325

Honorable John Corbett O'Meara

v.

TWO HUNDRED FORTY-ONE (241)
ASSORTED RIFLES, et. al.,

      Defendants.
                                              /

## OPINION AND ORDER
## DENYING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the government's motion for summary judgment. Claimants Ronald and Jacqueline D'Agostino filed a response, and the government filed a reply brief. The court heard oral argument and directed the parties to attempt to reach an agreement on forfeiture of at least some of the defendants *in rem*. On May 31, 2012 the parties filed a stipulated notice of dismissal of only eight (8) defendants *in rem*.

## BACKGROUND FACTS

Claimant Ronald J. D'Agostino was once a licensed firearm dealer; however, he lost his license to deal in 1997 but continued to sell without a license at gun shows. Undercover ATF agents purchased several firearms from him, and D'Agostino was subsequently convicted on four counts of engaging in the business of dealing firearms without a license. This action seeks forfeiture of "the firearms and ammunition involved in, used in, or intended to be used in," his illegal firearms business. At issue are 241 rifles; 28 pistols; 6 revolvers; 20 shotguns; firearm parts and accessories;

107,251 rounds of assorted ammunition; 8,174 rounds of ammunition; and 4 miscellaneous firearms. Claimants are Ronald D'Agostino and his wife Jacqueline.

## LAW AND ANALYSIS

Under the Civil Asset Forfeiture Reform Act ("CAFRA"), the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); United States v. Four Hundred Seventy-seven Firearms, 698 F. Supp. 2d 890, 892-93 (E.D. Mich. 2010). In this case the government must demonstrate that the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) because it was *involved in* or *used in* a willful violation of 18 U.S.C. 922(a)(1)(a), the offense of engaging in the business of dealing in firearms without a license.

There is no dispute that claimant Ronald D'Agostino was convicted of section 922(a)(1)(A). However, Claimants contend that some of the firearms at issue were never intended to be used in the offense. Although they have failed to identify specific firearms, Claimants assert that some of them are family heirlooms Ronald inherited from his father upon his death in 1959. They further contend that certain, non-specified firearms actually belong to Claimants' children and/or grandchildren, as Claimants had given them to family members through the years and had intended that they been inherited upon the death of Claimants.

The government claims it is entitled to forfeiture of six categories of firearms and ammunition in this case: 1) any firearm that had a price tag attached to it when it was seized; 2) all firearms that were found in D'Agostino's pick-up truck that was loaded with inventory for the next gun sale; 3) certain firearms found in the "gun room" in the basement of their home; 4) any bulk purchases of

2

firearms, as they were obviously purchased for re-sale; 5) all ammunition; and 6) all firearms that were bought with the intention of being broken down and sold for parts.

Claimants have narrowed their claims to include the firearms they were holding as bailees for family members; guns inherited from Ronald D'Agostino's father; guns bought by and registered to Jacqueline D'Agostino, who, unlike her husband was not convicted of illegally dealing firearms; and curios and relic firearms collected in the family home's gun safe vault.

The court finds ample questions of material fact to preclude granting the government's motion for summary judgment regarding the firearms and ammunition at issue here.  Accordingly, it is hereby **ORDERED** that the government's motion for summary judgment is **DENIED.**


                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  September 5, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 5, 2012, using the ECF system.

                                              s/William Barkholz
                                              Case Manager